[Crim. No. 1675.   Third Appellate District.—May 11, 1939.]

In the Matter of the Application of GEORGE E. SATTERTHWAITE, for a Writ of Habeas Corpus.

E. L. Webber for Petitioner.

Tom Hanrahan, Assistant District Attorney, for Respondent.

PULLEN, P. J.—Petitioner, in lieu of a bond, is confined in the Napa County jail under an order of commitment to keep the peace. A complaint was filed charging petitioner with the crime of threats against life, and after a hearing before a justice of the peace an order committing petitioner was made. Alleging illegality in the procedure, this writ of *habeas corpus* is presented.

Section 701 of the Penal Code provides that an information charging that a person has threatened to commit an offense against the person or property of another, may be laid before a magistrate.

The next section provides that upon the filing of such an information the magistrate must examine on oath the informer and any witnesses he may produce and must take their depositions in writing, subscribed by the party making the same. If it appears therefrom that there is just reason to fear the commission of the offense threatened by the person so informed against, the magistrate must issue a warrant to a peace officer, reciting the substance of the offense and commanding the officer forthwith to arrest the person informed of and to bring him before the magistrate. Section 704 of the Penal Code then requires that if the charge is controverted the magistrate must take testimony, which must be reduced to writing and subscribed by the witnesses. If it appears from such testimony that there is no just reason to fear the commission of the offense alleged to have been threatened the person complained of must be discharged, otherwise he may be required to enter into an undertaking to keep the peace.

Section 714 of the Penal Code provides that surety to keep the peace or be of good behavior cannot be required except as prescribed in chapter III, paragraph 2, title 1, which are the sections above summarized.

Examining the allegations of the writ which are not challenged by the return, we find that on January 14, 1939, a document referred to as a complaint was filed in the justice's court, in the following words:

"John S. Smith of Calistoga in the county of Napa, State of California, being first duly sworn, makes complaint and deposes and says, that in Calistoga Township, County of Napa, State of California, on the 14th day of January, 1939, and before the filing of this complaint, the crime of Threats against Life was committed by George Satterthwaite, who is now in the County of Napa, as follows, to-wit:

"That said George E. Satterthwaite at the time aforesaid, and at Lake County Highway, in the County of Napa and State aforesaid, did commit a misdemeanor, to-wit: By making threats against the life of John C. Smith in the presence of witnesses, all while in the County of Napa, State of California, Secs. 701 and 714 P. C., all of which is contrary to the statute in such cases made and provided, and against the peace and dignity of the People of the State of California."

On January 23, 1939, there was filed with the justice, an affidavit of Edwin C. Wilkins, as follows:

"EDWIN C. WILKINS, being first duly sworn, deposes and says: On or about the 28th day of December, while on the premises of George E. Satterthwaite located on the Lake County Highway, Calistoga Township, County of Napa, State of California, the following took place. In the presence of Beverly Butler, Byron White and deponent the aforesaid George E. Satterthwaite said to Byron White as he was coming out of the house, 'I'll kill John Smith and Tom Martz, too'.

"Deponent further deposes and says that at the time the aforementioned threat was made he had one foot on the running board of the car and was leaning against the door. And further deponent saith not."

On January 24, 1939, the following affidavit was submitted by Byron H. White, and filed by the justice:

"BYRON H. WHITE, being first duly sworn, deposes and says: That on the 28th day of December, 1938, at approximately two (2) o'clock p. m., on the porch of the home of George Satterthwaite, said George Satterthwaite threatened to kill one John Smith, in the language following, to-wit: 'I'll kill that John Smith and Tom Martz'.

"That said home of said George Satterthwaite is in the Township of Calistoga, County of Napa, State of California. That present at said time and place were said Byron H. White, Ed. Wilkins, Beverly Butler and said George Satterthwaite. And further deponent saith not."

On January 24, 1939, a judgment was rendered by the justice of the peace, ordering George E. Satterthwaite to furnish a peace bond.

█ Petitioner, seeking this writ, contends that the court failed to follow the code prescribing the procedure in such cases.

The complaint upon which these proceedings were based was in the form of an affidavit setting forth the making of the threat by Satterthwaite against the life of Smith, and the time and place thereof.

This affidavit, filed at the time of making the complaint and before the issuance of the warrant, substantially complied with the conditions laid down in section 702. Thereupon the warrant was issued and the accused was arrested.

The hearing thereon was set for January 24, 1939. On that day there was received and filed an affidavit by Byron H. White. The day prior thereto an affidavit by Edwin C. Wilkins had been received and filed. We do not have any evidence of what transpired in the justice's court on January 24th. It does not appear that the defendant was confronted with his accuser or his witnesses, or that any testimony was taken as required by section 704, or that the evidence there propounded was reduced to writing.

We have the affidavit of the complaining witness, which was filed January 14th. The affidavit of Edwin C. Wilkins was filed January 23d, and on January 24th, the day of the trial, was filed the affidavit of Byron H. White. Nowhere does it appear these affiants were sworn as witnesses or that they confronted the accused, or that their testimony was reduced to writing.

The procedure under which this action was taken is purely statutory, and the steps therein set forth must be closely followed. Also the justice's court being a court of limited jurisdiction, there is no presumption in favor of the validity of its judgment.

Therefore, in view of the showing before us, we are forced to the conclusion that the procedure prescribed in sections 701 to 714 of the Penal Code, was not followed. The writ is granted and the petitioner discharged.

Tuttle, J., and Thompson, J., concurred.